UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF NORTH DAKOTA d/b/a )<br>NORTH DAKOTA MILL & )<br>ELEVATOR ASSOCIATION )<br>    *Plaintiff*, )<br>v. )<br>)<br>CRYSTAL WAREHOUSE CORPORATION, )<br>    *Defendant*. )<br>) | CIVIL ACTION<br>NO. 03-12376-WGY |

## ANSWER

The defendant, Crystal Warehouse Corporation ("Crystal"), for its answer to the Complaint of the plaintiff, State of North Dakota d/b/a North Dakota Mill & Elevator Association ("North Dakota Mill"), states as follows in response to each corresponding paragraph therein:

    1.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore neither admits nor denies said allegations, but calls upon the plaintiff to prove the same.

    2.    Admitted.

    3.    Denied.

    4.    Denied; except Crystal admits that the United States District Court for the District of Massachusetts has subject matter jurisdiction of this case and personal jurisdiction over Crystal.

    5.    Denied.

    6.    Denied.

7. Admitted.

8. Denied.

9. Denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Crystal upon which relief can be granted and must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it contains no allegation as to the condition of North Dakota Mill's flour at the time Crystal received it for storage.

### SECOND AFFIRMATIVE DEFENSE

North Dakota Mill's claims and Crystal's liability, if any, are limited by the terms and conditions of the warehouse receipts issued by Crystal for the storage of North Dakota Mill's flour and by the provisions of the Uniform Commercial Code which define and limit the rights, duties and liabilities of the parties hereto.

### THIRD AFFIRMATIVE DEFENSE

North Dakota Mill, its agents, servants, employees or representatives were negligent, which negligence was greater than any negligence of Crystal, and therefore North Dakota Mill is not entitled to any recovery under Mass. Gen. Laws, c. 231, §85, as amended.

### FOURTH AFFIRMATIVE DEFENSE

The warehouse receipts issued by Crystal for the storage of North Dakota Mill's flour do not contemplate the warehouseman's responsibility for special damages. To the extent any of the damages sought by North Dakota Mill in this action are special damages, Crystal is not liable.

## FIFTH AFFIRMATIVE DEFENSE

The warehouse receipts issued by Crystal for the storage of North Dakota Mill's flour provide that in no case shall Crystal's liability, if any, exceed 150 times the base storage rate or 30¢ (thirty cents) per pound or $10.00 (ten dollars) per cubic foot of any goods damaged, unless an excess value was declared by North Dakota Mill at the time the goods were stored. Crystal's liability, if any, is therefore limited by the above terms of the warehouse receipts.

## SIXTH AFFIRMATIVE DEFENSE

North Dakota Mill failed to mitigate its alleged damages, and its claims against Crystal are therefore barred.

## SEVENTH AFFIRMATIVE DEFENSE

The warehouse receipts issued by Crystal for the storage of North Dakota Mill's flour are binding upon North Dakota Mill and provide, *inter alia*, as follows:

> LIABILITY AND LIMITATION OF DAMAGES – Sec. 11 –
> (a) The warehouseman shall not be liable for any loss or injury to goods stored however caused unless such loss or injury resulted from the failure by the warehouseman to exercise such care in regard to them as a reasonably careful man would exercise under like circumstances and warehouseman is not liable for damages which could not have been avoided by the exercise of such care.
> (b) Goods are not insured by the warehouseman against loss or injury however caused.
> (c) The depositor declares that damages are limited to (see rate quotation) provided, however, that such liability may at the time of acceptance of this contract as provided in section 1 be increased upon depositor's written request on part or all of the goods hereunder in which even an additional monthly charge will be made based upon such increased valuation.
> (d) Where loss or injury occurs to stored goods, for which the warehouseman is not liable, the depositor shall be responsible for the cost of removing and disposing of such goods and the cost of any environmental clean up and site remediation resulting from the loss or injury to the goods.

Crystal is not liable to North Dakota Mill pursuant to the foregoing provisions of the warehouse receipts.

### EIGHTH AFFIRMATIVE DEFENSE

The warehouse receipts issued by Crystal for storage of North Dakota Mill's flour are binding upon North Dakota Mill further provide, *inter alia*, as follows:

> NOTICE OF CLAIM AND FILING OF SUIT – Sec. 12
> (a) Claims by the depositor and all other persons must be presented in writing to the warehouseman within a reasonable time, and in no event longer than either 60 days after delivery of the goods by the warehouseman or 60 days after depositor of record or the last known holder of a negotiable warehouse receipt is notified by the warehouseman that loss or injury to part or all of the goods has occurred, which ever time is shorter.
> (b) No action may be maintained by the depositor or others against the warehouseman for loss or injury to the goods stored unless timely written claim has been given as provided in paragraph (a) of this section and unless such action is commenced either within nine months after date of delivery by warehouseman or within nine months after depositor of record or the last known holder of a negotiable warehouse receipt is notified that loss or injury to part or all of the goods has occurred, whichever time is shorter.
> (c) When goods have not been delivered, notice may be given of known loss or injury to the goods by mailing a registered or certified letter to the depositor of record or to the last known holder of a negotiable warehouse receipt. Time limitations for presentation of claim in writing and maintaining of action after notice begin on the date of mailing of such notice by warehouseman.

In the event North Dakota Mill failed to comply with these provisions, it is barred from any recovery against Crystal in this action.

## NINTH AFFIRMATIVE DEFENSE

If North Dakota Mill sustained any loss or damage as alleged in its Complaint, said loss or damage was the result of the acts, defaults or omissions of the plaintiff itself or persons over whom defendant Crystal had no control, and Crystal, therefore, is not liable.

**WHEREFORE**, defendant Crystal Warehouse Corporation demands judgment dismissing the plaintiff's Complaint and awarding the defendant its costs and disbursements in this action.

**DEFENDANT CRYSTAL WAREHOUSE CORPORATION DEMANDS A TRIAL BY JURY.**

                                                CRYSTAL WAREHOUSE CORPORATION
                                                By its attorney,

                                                /s/ Wesley S. Chused
December 9, 2003                       Wesley S. Chused (BBO #083520)
                                                LOONEY & GROSSMAN LLP
                                                101 Arch Street
                                                Boston, Massachusetts 02110
                                                (617) 951-2800